# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSE
# WESTERN DIVISION

| | |
|---|---|
| ANGELA GREENE, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| COLLIERVILLE COMMISSARY, ) | |
| LLC d/b/a THE COMMISSARY, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Angela Greene ("Plaintiff"), by and through counsel, files this Complaint against Defendant Collierville Commissary, LLC d/b/a The Commissary ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.  Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is an adult resident of Shelby County, Tennessee.

2. Defendant Collierville Commissary, LLC is a Tennessee corporation with its principal place of business at 2290 S Germantown Rd., Germantown, TN 38138-5931.

1

3. Defendant's registered agent for process is Walker M. Taylor IV, at 2290 S. Germantown Rd., Germantown, TN 38138-5931.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue properly lies in the Western District of Tennessee under 28 U.S.C. § 1391. Defendant transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

6. Plaintiff was employed by Defendant during the period approximately March 2019 through September 2019.

7. At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8. At all relevant times, Defendant was the "employer" of Plaintiff.

9. At all relevant times, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

# FACTS

11. Defendant owns and operates The Commissary BBQ restaurant located at 2290 S Germantown Rd., Germantown, TN 38138-5931 (the "Restaurant").

12. The Restaurant had annual gross volume of sales made or business done of not less than $500,000 during all relevant time periods.

13. Plaintiff was hired by and began employment with Defendant at the Restaurant as a server around March 2019.

14. Plaintiff's employment with Defendant ended around September 2019.

15. Plaintiff was denied earned wages by Defendant while working at the Restaurant.

16. At all relevant times, Plaintiff was a non-exempt, tipped employee of Defendant and was promised $2.13 per hour for each hour worked.

**Invalid Tip Pool Violations**

17. Federal law permits Defendant to require tipped employees such as Plaintiff to participate in a tip pool where a portion of an employee's tips are shared with other employees in the Restaurant so long as the arrangement is among employees who customarily and regularly receive tips, such as waiters, waitresses, counter personnel, bussers, and service bartenders.

18. A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, and janitors.

19. Defendant improperly required Plaintiff to share her tips with employees who do not customarily and regularly receive tips, including cooks and dishwashers.

20. Defendant improperly required Plaintiff to participate in an invalid and illegal tip pool.

**Dual Jobs Violations**

21. Federal law permits Defendant to pay employees such as Plaintiff less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

22. As a server at the Restaurant, Plaintiff's duties included, but were not limited to, taking customer's orders, answering questions about the menu and food, taking payment, communicating orders with the kitchen staff, seating customers, and helping with customer service.

29. Plaintiff also was required to perform extensive duties unrelated to customer service that were substantial and amounted to a separate, non-server occupation. These duties were not contemporaneous with customer service server duties. These duties were performed both before and after customer service shifts and for extensive periods of time. Such non-server, pre-shift and post-shift duties included, but were not limited to: extensive cleaning throughout the restaurant and in areas unrelated to server stations, brewing beverages, cutting lemons and other

garnishes, filling ice bins, polishing and stocking glassware, cleaning under tables and booths, sweeping/vacuuming floors, cleaning and restocking drink station, cleaning and restocking the server station, cleaning floors, collect and take out trash daily, and other non-server duties unrelated to customer service. While performing these duties, Plaintiff was not able to earn tips.

30. There was a clear dividing line between Plaintiff's server duties and Plaintiff's non-server duties, particularly because extensive non-server duties were required before and after the restaurant was open, and before and after Plaintiff's customers were being served.

31. Plaintiff's non-server duties extended to the entire restaurant rather than areas where she served customers.

32. These non-server duties consumed a substantial portion of Plaintiff's workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes and longer than *de minimis* time periods, and were for more than 20% of Plaintiff's workdays.

33. At all relevant times, Plaintiff was required to arrive at the restaurant 30 to 60 minutes prior to the Restaurant opening to perform non-server and other non-tip producing tasks.

34. The duties Plaintiff performed for the 30 to 60 minute period before Restaurant opening were non-server duties and were performed at easily demarcated

times when Plaintiff did not and could not earn tips. These non-server duties usually continued beyond the restaurant opening because Plaintiff would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

35. Plaintiff often was required to perform non-server duties and non-tip producing side work for extended periods of time at the beginning of a shift while waiting to be assigned a customer.

36. Plaintiff was often required to remain at the Restaurant for substantial time periods after the Restaurant had closed and all customers had left.

37. When working a closing shift, Plaintiff was often required to remain at the Restaurant 30 to 60 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the restaurant.

38. Plaintiff was often required to perform non-server work after her last assigned table had closed out, but before the Restaurant closed.

39. For a substantial portion of Plaintiff's hours performing non-server duties and non-tip producing side work, Plaintiff was paid a wage less than minimum wage.

40. Defendant denied Plaintiff minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff was performing non-tip related tasks and no customers were in the building.

41. Defendant violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for these non-server duties amounting to a separate occupation.

42. Defendant maintained records of hours that Plaintiff worked.

43. Even if the non-server duties Defendant required Plaintiff to perform were related to her tipped occupation, Defendant violated the FLSA by its policy and practice of requiring Plaintiff to perform such work for a substantial amount of her time worked during the workweek, and during discrete periods before and after her shift when Plaintiff could not earn any tips.

44. Plaintiff was required to perform tasks that were unrelated to and not incidental to her tip-producing occupation without being paid a minimum wage.

45. Defendant's policy and practice of requiring Plaintiff to perform excessive and/or unrelated non-server duties while paying her sub-minimum, tip-credit wages violates the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**MINIMUM WAGE**

46. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

47. At all relevant times, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

49. At all relevant times, Defendant required Plaintiff to participate in an invalid tip pool.

50. At all relevant times, Defendant improperly took a tip credit against Plaintiff's wages.

51. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage by requiring Plaintiff to participate in an invalid tip pool.

52. At all times during the relevant period, Defendant failed to compensate its employees, including Plaintiff, at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

53. At all times during the relevant period, Defendant failed to compensate its employees, including Plaintiff, at the applicable federal minimum wage for tasks that were not server tasks and were not directed towards producing tips that were performed before Restaurant opening and/or before Plaintiff was assigned customers.

54. At all times during the relevant period, Defendant failed to compensate its employees, including Plaintiff, at the applicable federal minimum wage for tasks that were not server tasks and were not directed towards producing tips that were performed after Restaurant closing and/or after Plaintiff's assigned customers were no longer being served.

55. As a result of Defendant's willful failure to pay Plaintiff the appropriate minimum wage, Defendant violated the FLSA, 29 U.S.C. §§ 206(a)(2) and 215(a).

56. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid minimum wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for unpaid minimum wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this August 28, 2020,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Andrew Lampros
Tenn. BPR # 020167
Gordon Van Remmen
Ga Bar No. 215512
Admitted to practice in the Western District of Tennessee

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
alampros@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for the Plaintiff*